UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x   17-cv-07178 (JSR)

ROCHELLE DENOON

                                        Plaintiff

        -v.-

RICHARD SOKOLOFF ET AL.,

                                   Defendants

----------------------------------------------------------------x

    Defendants, RICHARD SOKOLOFF and RICHARD D. SOKOLOFF, ATTORNEY AT LAW, PLLC ("Defendants"), by their attorney ROBERT L. ARLEO, ESQ. P.C., as and for their Answer to the Plaintiff's class action styled Complaint filed on June 27, 2017 ("hereinafter Plaintiff's Complaint") sets forth as follows:

1. The Defendants deny the allegations set forth in the paragraph entitled "**INTRODUCTION**" as same is set forth in the Plaintiff's Complaint.

2. The paragraph entitled "**SUMMARY OF CLAIMS**" is addressed as follow: The Defendant Sokoloff admits that he filed a collection lawsuit against the Plaintiff. The Defendants did not receive a copy of the referenced Answer allegedly sent to the Defendant Richard Sokoloff, possibly because the Defendant Sokoloff was in the process of moving his law office at the time the referenced Answer was allegedly sent. The Defendants deny that the Defendant Sokoloff surrupticiously obtained a default judgment against the Plaintiff by falsely swearing that the Plaintiff had failed to answer the summons and Complaint or otherwise appear in the action. The Defendants had no

knowledge of the Answer and the Clerk of the Court should have rejected the request for a application for judgment on default had an Answer been reflected on the docket. Based upon the fact that the Defendants did not have knowledge of the Answer, and based upon the fact that the Clerk of the Court entered the default judgment, the Defendants cannot be faulted for believing that no Answer had been filed. As the Defendants did not have knowledge that the Plaintiff was represented by counsel, the Defendants did not send a copy of the application for judgment on default to said counsel.

In regard to the assertions that the Plaintiff's counsel contacted the Defendant Richard Sokoloff who refused to stipulate to vacate the default judgment, Plaintiff's attorney did not provide a copy of the Answer which the Plaintiff's attorney had allegedly filed. Otherwise, the Defendant Sokoloff denies the remaining assertions set forth in the Plaintiff's "**SUMMARY OF CLAIMS**" other than to admit that the Plaintiff did file an order to show cause and that the judgment was vacated on January 23, 2017.

3. In regard to the allegations set forth in paragraphs 7 and 8 of the Plaintiff's Complaint, leave to the Court all determinations in regard to proper jurisdiction, the availability of declaratory relief and venue.
4. Admit the allegations set forth in paragraph 3 of the Plaintiff's Complaint.
5. Admit the allegations set forth in paragraph 4 of the Plaintiff's Complaint.
6. Deny the allegations set forth in paragraph 5 of the Plaintiff's Complaint.
7. Deny the allegations set forth in paragraph 6 of the Plaintiff's Complaint.
8. Admit the allegations set forth in the second paragraph 4 of the Plaintiff's Complaint.

9. In regard to the allegations set forth in the second paragraph 5 of the Plaintiff's Complaint, leave to the Civil Court of the City of New York to determine the veracity of the Plaintiff's alleged defense to the claims set forth against her in that lawsuit.

10. Admit the allegations set forth in the second paragraph 6 of the Plaintiff's Complaint.

11. Admit the allegations set forth in paragraph 7 of the Plaintiff's Complaint.

12. The allegations set forth in paragraph 8 of the Plaintiff' Complaint constitute alleged statements of law to which no response is required.

13. The allegations set forth in paragraph 9 of the Plaintiff' Complaint constitute alleged statements of law to which no response is required.

14. The allegations set forth in paragraph 10 of the Plaintiff' Complaint constitute alleged statements of law to which no response is required.

15. Admit the allegations set forth in paragraph 11 of the Plaintiff's Complaint.

16. Admit the allegations set forth in paragraph 12 of the Plaintiff's Complaint but otherwise assert that the Defendants did not become aware of the Answer filed by the Plaintiff until it received a copy of the Plaintiff's order to show cause which was filed on January 10, 2017.

17. Admit the allegations set forth in paragraph 13 of the Plaintiff's Complaint to the extent that the Plaintiff has asserted the defenses and counterclaims described therein but otherwise do not admit said defenses and counterclaims as a matter of law.

18. In regard to the allegations set forth in paragraph 14 of the Plaintiff's Complaint, admit that the Defendant Sokoloff filed an application for judgment on default but otherwise said Defendant again asserts that he had no knowledge of the Plaintiff's Answer filed therein at the time said application for judgment on default was filed.

19. Admit the allegations set forth in paragraph 15 of the Plaintiff's Complaint.

20. Admit the allegations set forth in paragraph 16 of the Plaintiff's Complaint.

21. Deny the allegations set forth in paragraph 17 of the Plaintiff's Complaint to the extent that same are alleged to imply that the Defendant Sokoloff filed the application for judgment on default with knowledge that the Plaintiff had filed an Answer.

22. Deny the allegations set forth in paragraph 18 of the Plaintiff's Complaint.

23. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Plaintiff's Complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Plaintiff's Complaint.

25. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Plaintiff's Complaint.

26. In regard to the allegations set forth in paragraph 22 of the Plaintiff's Complaint, the Defendant Sokoloff had not received a copy of the Answer at the time that the telephone conversation referenced in said paragraph occurred nor did Mr. Robley forward a copy of the Answer to the Defendant Sokoloff. Thus, as the Clerk of the Court had accepted the application for default on judgment, Mr. Sokoloff had a good faith basis to take a position that no Answer had been filed.

27. In regard to the allegations set forth in paragraph 23 of the Plaintiff's Complaint, the Defendant Sokoloff had not received a copy of the Answer at the time that the telephone conversation referenced in said paragraph occurred nor did Mr. Robley forward a copy of the Answer to the Defendant Sokoloff. Thus, as the Clerk of the Court had accepted the

application for default on judgment, the Defendant Sokoloff had a good faith basis to take a position that no Answer had been filed.

28. Deny the allegations set forth in paragraph 24 of the Plaintiff's Complaint.

29. Deny the allegations set forth in paragraph 25 of the Plaintiff's Complaint.

30. Deny the allegations set forth in paragraph 26 of the Plaintiff's Complaint.

31. Deny the allegations set forth in paragraph 27 of the Plaintiff's Complaint.

32. Deny the allegations set forth in paragraph 28 of the Plaintiff's Complaint.

33. Admit the allegations set forth in paragraph 29 of the Plaintiff's Complaint.

34. Admit the allegations set forth in paragraph 30 of the Plaintiff's Complaint.

35. Deny knowledge or information sufficient to form a belief in regard to the allegations set forth in paragraph 31 of the Plaintiff's Complaint.

36. In regard to the allegations set forth in paragraph 32, the Defendants had filed a request with the Court for an adjournment of the order to show cause thus the Defendant Sokloff did not appear.

37. Admit the allegations set forth in paragraph 33 of the Plaintiff's Complaint.

38. Deny the allegations set forth in paragraph 34 of the Plaintiff's Complaint.

39. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 35 of the Plaintiff's Complaint.

40. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 36 of the Plaintiff's Complaint.

41. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 37 of the Plaintiff's Complaint.

42. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 38 of the Plaintiff's Complaint.

43. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 39 of the Plaintiff's Complaint.

44. Deny the allegations set forth in paragraph 40 of the Plaintiff's Complaint.

45. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 41 of the Plaintiff's Complaint.

46. Deny the allegations set forth in paragraph 42 of the Plaintiff's Complaint.

47. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 43 of the Plaintiff's Complaint.

48. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 44 of the Plaintiff's Complaint.

49. Deny the allegations set forth in paragraph 45 of the Plaintiff's Complaint.

50. Deny the allegations set forth in paragraph 46 of the Plaintiff's Complaint.

51. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 47 of the Plaintiff's Complaint.

52. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 48 of the Plaintiff's Complaint.

53. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 49 of the Plaintiff's Complaint.

54. Deny the allegations set forth in paragraph 50 of the Plaintiff's Complaint.

55. Deny the allegations set forth in paragraph 51 of the Plaintiff's Complaint.

56. Admit the allegations set forth in paragraph 52 of the Plaintiff's Complaint to the extent that the Defendant Sokoloff represented the plaintiff in the case described therein, otherwise deny the remaining allegations set forth in said paragraph.

57. Deny the allegations set forth in paragraph 53 of the Plaintiff's Complaint.

58. In regard to the allegations set forth in paragraph 54 of the Plaintiff's Complaint, the Defendant cannot admit or deny this allegation at the present time but any incorrect factual assertion made by the Defendant, if same occurred, was an unintentional error based upon lack of knowledge of any fact which may have rendered the Defendant's assertions untrue.

59. Deny the allegations set forth in paragraph 55 of the Plaintiff's Complaint.

60. In regard to the allegations set forth in paragraph 56 of the Plaintiff's Complaint, the Defendant Sokoloff never received any prior notice that the judgment referenced therein was vacated at the time said Defendant may have executed the information subpoena referenced therein.

61. Deny the allegations set forth in paragraph 57 of the Plaintiff's Complaint.

62. The allegations set forth in paragraph 59 of the Plaintiff' Complaint constitute alleged statements of law to which no response is required.

63. The allegations set forth in paragraph 60 of the Plaintiff' Complaint constitute alleged statements of law to which no response is required.

64. Admit the allegations set forth in paragraph 61 of the Plaintiff's Complaint.

65. Admit the allegations set forth in paragraph 62 of the Plaintiff's Complaint.

66. Admit the allegations set forth in paragraph 63 of the Plaintiff's Complaint.

67. In regard to the allegations set forth paragraph 64 admit that the Defendant is registered as a PLLC but deny that the PLLC entity was utilized in the Civil Court action at issue.

68. Admit the allegations set forth in paragraph 65 of the Plaintiff's Complaint.

69. Deny the allegations set forth in paragraph 66 of the Plaintiff's Complaint.

70. The allegations set forth in paragraph 68 of the Plaintiff' Complaint constitute alleged statements of law to which no response is required.

71. Deny the allegations set forth in paragraph 69 of the Plaintiff's Complaint.

72. Deny the allegations set forth in paragraph 70 of the Plaintiff's Complaint.

73. In regard to the allegations set forth in paragraphs 50, 58 and 67 of the Plaintiff's Complaint refer to each and every paragraph set forth in the herein Answer.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

74. The Complaint fails to state any cause of action upon which relief can be granted.

## DEMAND FOR JURY TRIAL

75. The Defendants invokes the right to trial by jury.

DATED: New York, New York
        November 7, 2017

                                            ROBERT L. ARLEO, ESQ. P.C.

                                    By: */s/ Robert L. Arleo*
                                        ROBERT L. ARLEO
                                        380 Lexington Avenue, 17th Fl.
                                        New York, New York 10168
                                        Telephone: (212) 551-1115
                                        Facsimile: (518) 965-1022
                                        Email: robertarleo@gmail.com
                                        Attorney for the Defendants

TO: THE LAW OFFICE OF AHMAD KESHAVARZ
    16 Court Street, 26th Floor
    Brooklyn, New York    11241